Ethan J. Brown (SBN 218814)
*ethan@bnsklaw.com*
Sara C. Colón (SBN 281514)
*sara@bnsklaw.com*
Rowennakete P. Barnes (SBN 302037)
*kete@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980

Attorneys for Rule 2004 Examinees
Viken Chelebian and Christopher Lee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>Joseph Ra,<br><br>Debtor. | 8:19-bk-11546-ES<br><br>[Hon. Erithe A. Smith]<br><br>**Chapter 7**<br><br>**MEMORANDUM IN OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY DEBTOR/RULE 2004 DEPONENT JOSEPH RA AND OTHER RULE 2004 DEPONENTS JON HEA RA, CHISTOPHER LEE, VIKEN CHELEBIAN AND DAVID SPREEN SHOULD NOT BE HELD IN CONTEMPT FOR FAIING TO COMPLY WITH THIS COURT'S ORDERS (ECF NOS. 70, 83, 102, 108 AND 109)**<br><br>[Filed Concurrently: Declaration of Viken Chelebian and Christopher Lee] |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

Proposed Rule 2004 Examinees Viken Chelebian ("Mr. Chelebian") and Christopher Lee ("Mr. Lee") hereby oppose Chapter 7 Trustee Richard Marshack's motion for an order to show cause why they should not be held in contempt for failing to comply with this Court's orders (ECF Nos. 70, 83, 102, 108 and 109) (the "OSC Motion").

The culpability regarding Mr. Chelebian and Mr. Lee not producing documents or appearing for their proposed Rule 2004 examinations is appropriately placed on their prior counsel. Numerous times from November to the end of December-2019, prior counsel represented that they would be filing motions for protective orders regarding the examinations.

Nothing was done. While they both expected and depended on prior counsel to file their motions for a protective order, all that counsel did was send an email to Mr. Polis indicated that the examinees would not produce documents or appear for the examination. When it was clear that prior counsel would not protect Mr. Chelebian's or Mr. Lee's interests, they were terminated. That was the one communication that prior counsel responded to promptly.

Mr. Chelebian and Mr. Lee believe that meritorious reasons exist for their non-production and non-appearance, in addition to their lack of any intent to disregard or not comply with the orders regarding the proposed Rule 2004 examinations. Should the Court agree with those positions, the Rule 2004 examinations may not occur entirely. Since this opposition is limited to opposing the OSC Motion regarding the imposition of contempt, Mr. Chelebian and Mr. Lee request that the Court set a briefing schedule for a forthcoming protective order, that can be resolved prior to the examinations to determine whether Mr. Chelebian and Mr. Lee should be deposed at all.

Mr. Chelebian and Mr. Lee put their confidence in the individuals whose ethical duty it is to represent them competently. They now unjustifiably face a request to find them in contempt when someone else's actions placed them in this position.

For the reasons set forth here, Mr. Chelebian and Mr. Lee respectfully request that the Court deny the OSC Motion for contempt, set a briefing schedule for a motion for a protective order for Mr. Chelebian and Mr. Lee, and otherwise postpone the resolution of the issues set forth in the OSC Motion until those protective order motions can be heard.

## II.    FACTUAL BACKGROUND

### a.    The Bankruptcy Proceeding and Prior Counsel

On April 24, 2019, Debtor Joseph Ra filed his Chapter 7 Voluntary Petition here. (DE[1] 1.) A few months later in early July, Mr. Chelebian received a letter from prior counsel to creditor/adversary Plaintiff O'Gara Coach Company, LLC's ("O'Gara Coach") attorney, indicating that O'Gara Coach would be seeking a Rule 2004 Examination of Mr. Chelebian with respect to its adversary proceeding.[2] (Declaration of Viken Chelebian ("Chelebian Decl.") ¶ 2.) Around that same time, Mr. Gubner filed a request for courtesy notice of electronic filing in this proceeding. (DE 20.) Also around that same time, Mr. Chelebian and Mr. Lee retained Todd Fuson and David Kim of David S. Kim & Associates. (Chelebian Decl. ¶ 3; Declaration of Christopher Lee ("Lee Decl.") ¶ 2.)

Mr. Chelebian responded to the letter from Mr. Gubner through counsel, and Mr. Gubner abandoned his proposed strategy. (Chelebian Decl. ¶ 4.) A month later, O'Gara Coach filed its adversary action against Debtor Joseph Ra. (DE 39.) In September, Mr. Polis substituted in as counsel for O'Gara Coach. (DE 51). A month later, Chapter 7 Trustee filed a motion to employ Mr. Polis as special litigation counsel (DE 66), and a week after that Mr. Polis filed his Rule 2004 Examinations motion. (DE 69.) Mr. Polis'

---

[1] Docket Entry.
[2] As the Court is aware, an adversary proceeding must conduct discovery pursuant to the FRBP 7026, and not improperly through Rule 2004.

motion for Rule 2004 Examinations was supported by a declaration from O'Gara Coach's outside counsel, Keith Kassan. (DE 69.) That declaration was filled with nothing but speculation, conclusions, and unsupported statements that Mr. Kassan has no ability to substantiate. (*Id*. at pp. 14-18.)

While Mr. Polis indicated in the motion that a separate Los Angeles Superior Court ("LASC") proceeding that O'Gara Coach had against Joseph Ra "had no connection to the proposed Rule 2004 examinations," he provided no factual background for the motion other than a description of O'Gara Coach's separate LASC proceeding. (DE 69 at 5:3-27.) Critically, Mr. Polis' representation is false, as evidenced by the very meet and confer letters he sent to Mr. Chelebian and Mr. Lee regarding the proposed Rule 2004 examinations. Mr. Polis wrote:

> "Dear Mr. Chelebian:
>
> Our office represents O'Gara Coach Company ("O'Gara") in the recently filed bankruptcy case of Joseph Ra (the "Debtor"). […] O'Gara is a creditor and interested party in the Debtor's bankruptcy case.
>
> […]
>
> O'Gara is informed that you are in possession of significant information regarding the Debtor's business and financial affairs, his financial condition, as well as his right to a discharge under 11 U.S.C. § 727.
>
> […]
>
> O'Gara will file a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 for a Court order authorizing O'Gara to issue a subpoena to you, which will direct you to produce the requested documents and appear for an examination at a date and time convenient for O'Gara."

(DE 69-5, at 1-5.) Mr. Polis sent a nearly identical letter to Mr. Lee, again indicating that he was acting on behalf of O'Gara Coach, rather than the Debtor's estate. (DE 69-4 at 1-4.)

On October 29, the Court granted the motion for the proposed Rule 2004 examinations. (DE 70.) That order permitted a representative of O'Gara Coach to be present at the Rule 2004 Examinations. (*Id*.) On November 13 - the day before the

originally proposed examinations were to take place - a motion was made to permit an IRS representative at the proposed Rule 2004 Examinations and for them to be video recorded. (DE 84.) The Court granted that order the same day. (DE 81.)

That same day, and last minute, prior counsel sent Mr. Polis a letter indicating that Mr. Chelebian and Mr. Lee would not be producing documents or appearing at the examinations. (Chelebian Decl. ¶ 7; Lee Decl. ¶ 5.) Within the next week, prior counsel represented multiple times that they would be filing a motion for a protective order for Mr. Chelebian and Mr. Lee, who relied on counsel to do so. (Chelebian Decl. ¶ 8; Lee Decl. ¶ 6)

The parties eventually stipulated to continue the proposed Rule 2004 examinations, subject to any legal objections thereto, and the Court entered that stipulation on December 12, 2019. (DE 100 and 102.) By including the language that the proposed examinations would be subject to any legal challenge, Mr. Chelebian and Mr. Lee again expected that prior counsel would be filing a motion for a protective order, since that was discussed and agreed upon previously. (Chelebian Decl. ¶ 9; Lee Decl. ¶ 7.)

On December 30, prior counsel was notified that any motion for a protective order would be due that day. (Chelebian Decl. ¶ 10; Lee Decl. ¶ 8) It was not until a week later that counsel responded indicating that they had been out of the country for the past three weeks. (Chelebian Decl. ¶ 11; Lee Decl. ¶ 9.) Counsel ignored the dereliction they committed of Mr. Chelebian and Mr. Lee. Instead of fixing the problem they caused, counsel simply sent an email to Mr. Polis indicating that Mr. Chelebian and Mr. Lee would not be appearing at the proposed examinations. (Chelebian Decl. ¶ 11; Lee Decl. ¶ 9.)

It has become clear that prior counsel did not take Mr. Chelebian or Mr. Lee's best interests into consideration in carrying out their representation, repeatedly failing to respond to emails, meet deadlines, or return phone calls. (Chelebian Decl. ¶ 12; Lee Decl.

¶ 10.) On January 22, prior counsel was terminated. (*Id*.) They responded within the next day and also immediately informed Mr. Polis of the same. (Chelebian Decl. ¶ 12) Mr. Chelebian and Mr. Lee now have retained the undersigned counsel.

### b. Mr. Chelebian and Mr. Lee's grounds for a protective order

Mr. Chelebian is the vice president for Richie Litigation, P.C., a law firm that provided Debtor Joseph Ra with legal advice that would be covered by the proposed Rule 2004 examination. (Chelebian Decl. ¶ 13.) Mr. Chelebian is also associated with Equity Tax Solutions, Inc., an organization he formed with Mr. Lee, to provide certain accounting services, including the processing of accounts payable and receivable. (Chelebian Decl. ¶ 14; Lee Decl. ¶ 11.) However, Mr. Chelebian and Mr. Lee both worked with Mr. Ra, either individually or through entities Mr. Ra was involved in, though Richie Litigation. To the extent that those conversations occurred in the context of legal advice, they are likely privileged. (*Id*.)

Furthermore, and importantly, Mr. Polis' true stated intent for the proposed Rule 2004 examinations is to further the interests of his client O'Gara Coach, and not that of the Debtor's estate. This is inherently improper. (*In re Washington Mutual, Inc.* 408 B.R. 45, 50 ["[T]he 'pending proceeding' rule states 'that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Federal Rules of Bankruptcy Procedures 7026 et seq., rather than by a [Rule] 2004 examination.'"]) Not only does it fail to bring value to the estate, but it uses estate assets to conduct work exclusively for the benefit of O'Gara Coach. All other creditors are prejudiced by Mr. Polis' actions. Mr. Chelebian had also submitted a declaration in support of Mr. Richie in the separate LASC proceeding against O'Gara Coach, and believes that the Rule 2004 Examination is also being used in retaliation against him for submitting that declaration. (Chelebian Decl. ¶ 15.)

Mr. Chelebian and Mr. Lee expected that their prior counsel would move for a protective order for those reasons above, as was represented to them. (Chelebian Decl. ¶ 12; Lee Decl. ¶ 10.) Now they are being blamed because they were abandoned by their representatives, even though the examinations should not go forward at all.

Accordingly, through this opposition, Mr. Chelebian and Mr. Lee request that the Court deny Mr. Polis' OSC Motion, and set a briefing schedule for their motion for protective orders to permit them to exercise their rights in determining whether the examinations should proceed.

### III.    LEGAL STANDARD

"[C]ivil contempt 'should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendants' conduct." *Taggart v. Lorenzen* (2019) 139 S.Ct. 1795, 1801 (citing *Cal. Artificial Stone Paving Co. v. Molitor* (1885) 113 U.S. 609, 618). "This standard reflects the fact that civil contempt is a 'severe remedy,' and that principles of basic fairness requir[e] that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt." (*Id*., citations omitted.) While, "[t]his standard is generally an objective one[,]…[the Court] has not held, however, that subject intent is always irrelevant. Our cases suggest, for example, that civil contempt sanctions may be warranted when a party acts in bad faith." *Id*.

### IV.    ARGUMENT

#### A. Mr. Chelebian and Mr. Lee's reliance on their prior counsel creates a fair ground of doubt as to the purported wrongfulness of their actions.

Here, civil contempt or sanctions otherwise are unjustified. Mr. Chelebian and Mr. Lee hired their prior counsel to represent their interests and assert their rights regarding the proposed Rule 2004 examinations. Prior counsel were specifically retained by Mr. Lee and Mr. Chelebian to oppose the proposed Rule 2004 examinations. (Chelebian Decl. ¶ 3; Lee Decl. ¶ 2.) When the motion was made, on two separate occasions before the original examinations were to take place, counsel indicated to Mr. Chelebian and Mr. Lee that a motion for a protective order would be filed. (Chelebian Decl. ¶¶ 6 and 8; Lee Decl. ¶ 4 and 6.) After counsel executed a stipulation with Mr. Polis for the rescheduling of Mr. Chelebian and Mr. Lee's proposed examinations - a stipulation which specifically carved out an exception to challenge the examinations on any legal grounds - prior

counsel were put on notice as to the due date for a motion for protective order before it was due. (DE 100; Chelebian Decl. ¶ 10; Lee Decl. ¶ 8.)

Yet, counsel never filed the motions. Instead, counsel simply sent Mr. Polis an email indicating that Mr. Chelebian and Mr. Lee would not produce documents or appear for their examinations, disregarding any potentially consequences that could result to Mr. Chelebian and Mr. Lee as a result of their failure to follow through with their promises. (Chelebian Decl. ¶ 11; Lee Decl. ¶ 9.)

The described reliance of Mr. Lee and Mr. Chelebian create a "fair ground of doubt" as to any wrongfulness. Mr. Chelebian and Mr. Lee expected their attorneys to protect their rights and nothing is indicative of a willfulness or intentional non-compliance of the Court's orders.

### B. Mr. Chelebian and Mr. Lee respectfully request the Court permit them to brief motions for protective orders to determine whether their Rule 2004 examinations should go forward

Mr. Chelebian and Mr. Lee should not be prejudiced as a result of their prior counsel's dereliction. Mr. Chelebian and Mr. Lee requested that their counsel file motions for protective orders regarding the examinations, and specifically excepted out their right to, when stipulating to reschedule the examinations. (DE 100.)

For the reasons briefly indicated above, Mr. Chelebian and Mr. Lee believe that the Rule 2004 Examinations are being conducted for an improper process. Mr. Lee and Mr. Chelebian also believe that certain issues would be subject to the attorney-client privilege and therefore protected from examination.

The propriety of the examinations should be determined before they are ordered to go forward. For the reasons that Mr. Chelebian and Mr. Lee believe the examinations should not, they respectfully request this Court permit them to file a motion for protective order and have the issue argued and heard. Their failure to file those motions beforehand should only be attributed to their prior counsel, and not to their individual prejudice.

Accordingly, Mr. Chelebian and Mr. Lee respectfully request that the Court permit them to file motions for protective orders to determine the whether the Rule 2004

examinations should go forward. Mr. Lee and Mr. Chelebian respectfully request that the Court set a briefing schedule for their proposed motions.

## V.  CONCLUSION

Mr. Chelebian and Mr. Lee were abandoned by their prior counsel. They should not be held responsible for the actions of others who were obligated to assert their rights. They should also not be denied the ability to challenge the merits of the examination and respectfully request that the Court grant their request.

Dated: January 24, 2020                    **BROWN NERI SMITH & KHAN, LLP**

By:  /s/ Ethan J. Brown
           Ethan J. Brown

*Attorneys for Rule 2004 Examinee Viken Chelebian and Christopher Lee*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11601 Wilshire Blvd., Ste. 2080, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): _____
**MEMORANDUM IN OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY DEBTOR/RULE 2004 DEPONENT JOSEPH RA AND OTHER RULE 2004 DEPONENTS JON HEA RA, CHISTOPHER LEE, VIKEN CHELEBIAN AND DAVID SPREEN SHOULD NOT BE HELD IN CONTEMPT FOR FAIING TO COMPLY WITH THIS COURT'S ORDERS (ECF NOS. 70, 83, 102, 108 AND 109)**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/24/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas J. Polis; tom@polis-law.com
Michael G. Spector; mgspector@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/24/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Trustee
United States Trustee (SA)
411 W. Fourth St., Ste. 7160, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/24/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith (via overnight mail)
United States Bankruptcy Court, Central District of California
Ronald Regan Federal Building and Courthouse
411 West Fourth Street, Suite 5040, Courtroom 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/24/2020 | Rowennakete P. Barnes | /s/ Rowennakete P. Barnes |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-3.1.PROOF.SERVICE**